**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KATHY ALIANO**, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16 cv 2623 |
| **TRADER JOE'S COMPANY**, a California corporation, | ) ) ) | |
| Defendant. | ) | Jury Trial Demanded |

# CLASS ACTION COMPLAINT

Plaintiff KATHY ALIANO ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel at Zimmerman Law Offices, P.C., brings this Class Action Complaint ("Complaint") against Defendant TRADER JOE'S COMPANY ("Trader Joe's" or "Defendant"), as follows:

## INTRODUCTION

1.     Plaintiff brings this suit on behalf of herself and a Class of similarly situated individuals who purchased five (5) ounce cans of: (a) Trader Joe's Albacore Tuna in Water Salt Added; (b) Trader Joe's Albacore Tuna in Water Half-Salt; (c) Trader Joe's Albacore Tuna in Water No Salt Added; (d) Trader Joe's Albacore Tuna in Olive Oil Half Salt; (e) Trader Joe's Yellowfin Tuna in Olive Oil Solid Light; and (f) Trader Joe's Skipjack Tuna in Water with Sea Salt (collectively "Trader Joe's Tuna").

2.     Section 161.190 of the Code of Federal Regulations governs the packaging and selling of canned tuna. Section 161.190(c) provides the federally mandated minimum standards of fill for canned tuna. *See* 21 C.F.R. § 161.190(c).

3.      Section 341 of the Food Drug and Cosmetics Act ("FDCA") permits the Food and Drug Administration ("FDA") to "promulgate regulations fixing and establishing for any food…reasonable standards of fill of container," whenever "such action will promote honesty and fair dealing in the interest of consumers."  21 U.S.C. § 341.  Under this authority, the FDA enacted 21 C.F.R. § 161.190, including the requirements governing the standard of fill of a container of canned tuna as provided in 21 C.F.R. §161.190(c).

4.      Under section 343 of the FDCA, a food is considered misbranded "[i]f its container is so made, formed, or filled as to be misleading."  21 U.S.C. § 343(d).  Food is also considered misbranded if it is covered by any regulations enacted under section 341 of the FDCA but fails to conform to the definition and standard provided in the regulation.  *See* 21 U.S.C. § 343(g)(1).  Because section 341 of the FDCA enacted 21 C.F.R. § 161.190, canned tuna that fails to conform to the federally mandated standard of fill as provided in section 161.190(c) of the Code of Federal Regulations is in violation of the FDCA.

5.      Tests conducted by the U.S. National Oceanic and Atmospheric Administration ("NOAA") reveal that Defendant's 5-ounce cans of Trader Joe's Tuna are under-filled below the federally mandated minimum standard of fill required by the Code of Federal Regulations.

6.      Despite the fact that 5-ounce cans of Trader Joe's Tuna are significantly under-filled and underweight, Defendant has continued to advertise and sell its 5-ounce cans of Trader Joe's Tuna by misrepresenting to consumers that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, comply with all state and federal laws, and contain a sufficient amount of tuna for 5-ounce cans in order to induce unknowing consumers into buying under-filled cans of tuna.

2

## PARTIES

7.    Plaintiff KATHY ALIANO ("Ms. Aliano") is a natural person and citizen of Illinois.

8.    Defendant TRADER JOE'S COMPANY is a California corporation with its principal place of business in Monrovia, California, that does business nationwide, including in the State of Illinois.  Defendant owns and operates over 400 stores in the United States, twenty-one (21) stores in the State of Illinois, and fourteen (14) stores in Cook County.[1]

## JURISDICTION AND VENUE

9.    This Court has personal jurisdiction over Defendant because Defendant engages in business in the State of Illinois.  Defendant owns and operates twenty-one (21) Trader Joe's stores located in Illinois.[2]

10.    Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this class action because the amount in controversy exceeds $5 million, and some members of the Class, including Plaintiff, are citizens of states different than Defendant.

11.    Venue is proper in this District because Defendant transacts business in the Northern District of Illinois.  Further, a substantial part of the events occurred in this District because the case arises out of 5-ounce cans of Trader Joe's Tuna that Plaintiff purchased in this District.

## FACTUAL ALLEGATIONS

### *Trader Joe's Tuna*

12.    At all relevant times, Trader Joe's Tuna was and is a canned tuna product subject to restrictions by the FDA, the FDCA, and section 161 of the Code of Federal Regulations.

---

[1] *See* Trader Joe's Store List, *available at*: http://www.traderjoes.com/pdf/Trader-Joes-Stores.pdf
[2] *See id.*

3

13.    At all relevant times, Trader Joe's Tuna was and is a private-label canned tuna product manufactured exclusively by Defendant and sold exclusively by Defendant at Trader Joe's grocery stores.

14.    At all relevant times, Defendant was and is responsible for the manufacturing, packaging, distribution, marketing, and sale of all Trader Joe's Tuna in various states, including the State of Illinois, throughout the United States.

15.    Upon information and belief, Defendant has implemented and utilizes a standard mechanized process for distributing a uniform amount of pressed cake tuna in each 5-ounce can of Trader Joe's Tuna.

16.    Defendant is responsible for packaging a sufficient amount of pressed cake tuna in all cans of Trader Joe's Tuna.

17.    Defendant is responsible for developing the textual and graphic content on the standard uniform labels on 5-ounce cans of Trader Joe's Tuna, including representations on the cans regarding the amount of tuna in each 5-ounce can.

18.    At all relevant times, Defendant had actual knowledge of the amount of pressed cake tuna manufactured and packaged in 5-ounce cans of Trader Joe's Tuna that were marketed and sold in Trader Joe's grocery stores throughout the United States.

*NOAA Testing*

19.    The Code of Federal Regulations specifies a process by which the standard of fill for canned tuna should be measured, using a twenty-four (24) can sample:

    i.  Have each of the 24 cans and contents at a temperature of 75 deg. F within +/- 5 deg. F. Test each can in turn as follows:

    ii.  Cut out the top of the can (code end), using a can opener that does not remove nor distort the double seam.

4

iii. With the cut top held on the can contents, invert the can, and drain the free liquid by gentle finger pressure on the cut lid so that most of the free liquid drains from the can.

iv. With the cut lid still in place, cut the bottom of the can with the can opener, then turn the can upright and remove the cut can top (code end). Scrape off adhering tuna particles into the tuna mass in the can.

v. Place the proper size of press cylinder…in a horizontal position on a table; then, using the cut bottom of the can as a can pusher, gently force the can contents from the can into the cylinder so that the flat side of the can contents lies in contact with the bottom of the cylinder. Remove the bottom of the can that was used as the pusher and scrape any adhering particles from the can body and bottom of the can, and put them in the cylinder.

vi. Place the cylinder plunger on top of the can contents in the cylinder. Remove the eyebolt and put the cylinder and plunger in position on the press…

vii. Begin the operation of the press and as soon as liquid is observed coming from the cylinder start timing the operation. Apply pressure to the plunger slowly at a uniform rate, so that a full minute is used to reach a pressure of 384 pounds per square inch of plunger face in contact with the can contents. Hold this pressure for 1 additional minute and then release the pressure and disengage the plunger from the press shaft. Tip the press cylinder so that any free liquid is drained out.

viii. Remove press cylinder with plunger from the press, insert eyebolt in plunger and withdraw it from the cylinder. Loosen the pressed cake from the cylinder with a thin blade and remove the entire pressed cake gently as possible, to keep the mass in a single cake during this operation. Place the pressed cake and any pieces that adhered to the plunger and cylinder in a tarred receiving pan and determine the weight of the pressed material.

*See* 21 C.F.R. § 161.190(c)(2)(i)-(viii).

20.    NOAA conducted its own independent testing of the Trader Joe's Tuna by measuring the quantity of tuna precisely according to the methods specified by 21 C.F.R. § 161.190(c).

21.    Using the measurements and procedures provided in 21 C.F.R. § 161.190, NOAA determined that the minimum standard of fill for 5-ounce cans of Trader Joe's Albacore Tuna in

5

Water Salt Added, Trader Joe's Albacore Tuna in Water Half-Salt, Trader Joe's Albacore Tuna in Water No Salt Added, Trader Joe's Albacore Tuna in Olive Oil Half Salt, and Trader Joe's Yellowfin Tuna in Olive Oil Solid Light was 3.23 ounces of pressed cake tuna, and the minimum standard of fill for 5-ounce cans of Trader Joe's Skipjack Tuna in Water with Sea Salt was 2.84 ounces of pressed cake tuna.

22.     As the result of a test of 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added, NOAA determined that a sample of 24 cans contained an average of only 2.61 ounces of pressed cake tuna, 19.2% less tuna than required by the federally mandated minimum standard fill of 3.23 ounces for 5-ounce cans.  All 24 cans contained less than 3.23 ounces of tuna.

23.     As the result of a test of 5-ounce cans of Trader Joe's Albacore Tuna in Water Half-Salt, NOAA determined that a sample of 24 cans contained an average of only 2.43 ounces of pressed cake tuna, 24.8% less tuna than required by the federally mandated minimum standard fill of 3.23 ounces for 5-ounce cans.  All 24 cans contained less than 3.23 ounces of tuna.

24.     As the result of a test of 5-ounce cans of Trader Joe's Albacore Tuna in Water No Salt Added, NOAA determined that a sample of 24 cans contained an average of only 2.43 ounces of pressed cake tuna, 24.8% less tuna than required by the federally mandated minimum standard fill of 3.23 ounces for 5-ounce cans.  All 24 cans contained less than 3.23 ounces of tuna.

25.     As the result of a test of 5-ounce cans of Trader Joe's Albacore Tuna in Olive Oil Half Salt, NOAA determined that a sample of 24 cans contained an average of only 2.87 ounces of pressed cake tuna, 11.1% less tuna than required by the federally mandated minimum standard fill of 3.23 ounces for 5-ounce cans.  23 out of 24 cans contained less than 3.23 ounces of tuna.

26.     As the result of a test of 5-ounce cans of Trader Joe's Yellowfin Tuna in Olive Oil Solid Light, NOAA determined that a sample of 24 cans contained an average of only 2.78 ounces of pressed cake tuna, 13.9% less tuna than required by the federally mandated minimum standard fill of 3.23 ounces for 5-ounce cans.  All 24 cans contained less than 3.23 ounces of tuna.

27.     As the result of a test of 5-ounce cans of Trader Joe's Skipjack Tuna in Water with Sea Salt, NOAA determined that a sample of 24 cans contained an average of only 2.56 ounces of pressed cake tuna, 9.9% less tuna than required by the federally mandated minimum standard fill of 2.84 ounces for 5-ounce cans.  23 out of 24 cans contained less than 2.84 ounces of tuna.

### Facts Relevant to Plaintiff

28.     Ms. Aliano purchased at Defendant's grocery store located in Illinois various cans of Trader Joe's Tuna, including 5-ounce cans of Trader Joe's Albacore Tuna in Water Salt Added, Trader Joe's Albacore Tuna in Olive Oil Half Salt, and Trader Joe's Yellowfin Tuna in Olive Oil Solid Light, as recently as January 2016.

29.     Because testing by NOAA revealed that Defendant's 5-ounce cans of Trader Joe's Tuna are under-filled in violation of federally mandated minimum standards of fill, Plaintiff purchased defective goods that Defendant was not authorized to sell in the United States.

30.     Defendant misrepresented to Plaintiff that Defendant's 5-ounce cans of Trader Joe's Tuna were legal for sale in the United States, complied with all state and federal laws, including the minimum standard of fill, and contained a sufficient amount of tuna for 5-ounce cans.

31.     Plaintiff relied on Defendant's misrepresentations when she purchased 5-ounce cans of Trader Joe's Tuna, which were illegal for sale in the United States, violated federal law,

and did not contain a sufficient amount of tuna for 5-ounce cans. Plaintiff was damaged as a result, therefrom.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23, on behalf of a nationwide class of similarly situated individuals and entities ("the Class"), defined as follows:

> All persons who purchased a five (5) ounce can of Trader Joe's Albacore Tuna in Water Salt Added, Trader Joe's Albacore Tuna in Water Half-Salt, Trader Joe's Albacore Tuna in Water No Salt Added, Trader Joe's Albacore Tuna in Olive Oil Half Salt, Trader Joe's Yellowfin Tuna in Olive Oil Solid Light, or Trader Joe's Skipjack Tuna in Water with Sea Salt in the United States.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

33.     Plaintiff also brings this action pursuant to Fed. R. Civ. P. Rule 23, on behalf of a subclass of similarly situated individuals and entities ("the Illinois Subclass"), defined as follows:

> All persons who purchased a five (5) ounce can of Trader Joe's Albacore Tuna in Water Salt Added, Trader Joe's Albacore Tuna in Water Half-Salt, Trader Joe's Albacore Tuna in Water No Salt Added, Trader Joe's Albacore Tuna in Olive Oil Half Salt, Trader Joe's Yellowfin Tuna in Olive Oil Solid Light, or Trader Joe's Skipjack Tuna in Water with Sea Salt in the State of Illinois.

Excluded from the Illinois Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Illinois Subclass; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

34.     The Class is so numerous that joinder of all individual members in one action would be impracticable.   Trader Joe's has been in business since 1967 and now owns and operates over 400 stores across the country,[3] each of which serve hundreds, if not thousands, of customers.   Therefore, it is reasonable to assume that the Class comprises of thousands of Trader Joe's customers, if not more.

35.     The Illinois Subclass is also so numerous that joinder of all individual members in one action would be impracticable.   Trader Joe's owns and operates twenty-one (21) stores in the State of Illinois,[4] each of which serve hundreds, if not thousands, of customers.   It is reasonable to assume that the Illinois Subclass comprises of thousands of members, if not more.

36.     Class members can be easily identified through Defendant's records or by other means.   Upon information and belief, Defendant has means by which it can identify customers who bought specific items.

37.     Plaintiff's claims are typical of the claims of the Class members.   All are based on the same legal theories and arise from Defendant's same unlawful conduct, to wit: Defendant's under-filling of its 5-ounce cans of Trader Joe's Tuna below the federally mandated standard of fill, and Defendant's misrepresentations in its marketing and selling of 5-ounce cans of Trader Joe's Tuna.   Defendant's misconduct was common and uniform to all Class members.

38.     There is a well-defined community of interest in the questions of law and fact presented in this case.   The questions of law and fact common to the proposed Class members predominate over questions, if any, that affect only individual Class members, and these common questions of law and fact include, but are not limited to:

        a.   Whether Trader Joe's Tuna is under-filled and, thus, substantially

---

[3] *See* "Timeline," Trader Joe's, *available at*: http://www.traderjoes.com/our-story/timeline
[4] *See* Trader Joe's Store List, *available at*: http://www.traderjoes.com/pdf/Trader-Joes-Stores.pdf

underweight;

b. Whether Defendant represented that 5-ounce cans of Trader Joe's Tuna contained a sufficient amount of tuna for 5-ounce cans;

c. Whether Defendant represented that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States;

d. Whether Defendant represented that 5-ounce cans of Trader Joe's Tuna comply with all state and federal laws;

e. Whether these representations were false or misleading;

f. Whether Defendant's misrepresentations violate the Illinois Consumer Fraud Act;

g. Whether Defendant's misrepresentations violate the Consumer Fraud and Deceptive Trade Practices Acts of the various states and District of Columbia;

h. Whether Defendant's misrepresentations to consumers constitute fraud;

i. Whether Defendant's misrepresentations constitute fraudulent misrepresentation;

j. Whether Defendant expressly warranted that 5-ounce cans of Trader Joe's Tuna contained a sufficient amount of tuna for 5-ounce cans;

k. Whether Defendant had actual knowledge that 5-ounce cans of Trader Joe's Tuna were significantly under-filled and Plaintiff and the Class were, therefore, not required to give Defendant notice of the particular defect;

l. Whether Defendant breached the implied warranty of merchantability in its sale of 5-ounce cans of Trader Joe's Tuna; and

m. Whether Defendant's under-filling of 5-ounce cans of Trader Joe's Tuna resulted in Defendant unjustly retaining a benefit to the detriment of Plaintiff and Class members, and violated the fundamental principles of justice, equity, and good conscience.

39.    Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation in state and federal courts nationwide, and Plaintiff has no interest adverse to any member of the Class. Plaintiff intends to prosecute this case vigorously on behalf of herself and the Class.

40.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Individual actions are not economically feasible.

**COUNT I**
**(on Behalf of the Illinois Subclass)**
**Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act**
**(815 ILCS § 505/1, *et seq.*)**

41.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

42.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS §§ 505/1, *et seq.*, provides protection to consumers by mandating fair competition in commercial markets for goods and services.

43.     The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act".  815 ILCS § 505/2.

44.     The ICFA applies to Defendant's acts as described herein because it applies to transactions involving the sale of goods or services to consumers.

45.     Defendant is a "person," as defined by 815 ILCS § 505/1(c).

46.     Plaintiff and each member of the Class are "consumers," as defined by 815 ILCS § 505/1(e), because they purchased 5-ounce cans of Trader Joe's Tuna for personal use.

47.     5-ounce cans of Trader Joe's Tuna constitute "merchandise," as defined by 815 ILCS § 505/1(b).

48.     Defendant made false and fraudulent statements, and misrepresented material facts, regarding its 5-ounce cans of Trader Joe's Tuna sold to consumers, including the misrepresentation that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, the misrepresentation that 5-ounce cans of Trader Joe's Tuna comply with all state and federal laws, and the misrepresentation that 5-ounce cans of Trader Joe's Tuna contain a sufficient amount of tuna for 5-ounce cans.

49.     Defendant omitted material facts regarding its 5-ounce cans of Trader Joe's Tuna sold to consumers, including the fact that 5-ounce cans of Trader Joe's Tuna are not legal for sale in the United States, the fact that 5-ounce cans of Trader Joe's Tuna are significantly under-filled in violation of the Code of Federal Regulations, and the fact that 5-ounce cans of Trader Joe's Tuna are significantly under-filled such that they do not contain a sufficient amount of tuna for 5-ounce cans.

50.     Defendant's misrepresentations and omissions regarding its 5-ounce cans of Trader Joe's Tuna constitute deceptive and unfair acts or practices prohibited by the ICFA.

51.     Defendant's misrepresentations and omissions possess the tendency or capacity to mislead and create the likelihood of deception.

52.     Defendant's aforementioned misrepresentations and omissions, were used or employed in the conduct of trade or commerce, namely, the marketing, sale, and distribution of the 5-ounce cans of Trader Joe's Tuna to Plaintiff and Class members.

53.     Defendant's aforementioned misrepresentations and omissions were made in the course of Defendant's business relative to operating Trader Joe's grocery stores.

54.     Defendant's aforementioned misrepresentations and omissions are unfair business practices because they offend public policy and cause substantial injury to consumers.

12

55.     Defendant intended that Plaintiff and Class members rely on the false statements, misrepresentations, and omissions of material facts in purchasing 5-ounce cans of Trader Joe's Tuna.

56.     Plaintiff and Class members reasonably relied on Defendant's misrepresentations and omissions when they purchased 5-ounce cans of Trader Joe's Tuna.

57.     Acting as reasonable consumers, had Plaintiff and Class members been aware of the true facts regarding 5-ounce cans of Trader Joe's Tuna, they would have declined to purchase the 5-ounce cans of Trader Joe's Tuna, or they would have paid less for them.

58.     As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for 5-ounce cans of Trader Joe's Tuna which were significantly under-filled in violation of the Code of Federal Regulations.

59.     Plaintiff and Class members could not have reasonably avoided the injuries suffered by purchasing the 5-ounce cans of Trader Joe's Tuna that were significantly under-filled because it was reasonable for Plaintiff and Class members to rely on Defendant's misrepresentations.

60.     The injury suffered by consumers as a result of Defendant's unfair and deceptive trade practices is substantial because consumers unknowingly paid for 5-ounce cans of Trader Joe's Tuna that are significantly under-filled and underweight.

61.     As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiff and members of the Class suffered damages by purchasing 5-ounce cans of Trader Joe's Tuna because they would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they would have paid substantially less for them, had they known the truth.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class and the Illinois Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Illinois Subclass defined herein;

B.    Designating Plaintiff as representative of the Illinois Subclass and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Illinois Subclass and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.    Awarding Plaintiff and the Illinois Subclass damages equal to the amount of actual damages that they sustained;

F.    Awarding Plaintiff and the Illinois Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

## COUNT II
### (on Behalf of the Nationwide Class)
### Violation of the Consumer Fraud and Deceptive Trade
### Practices Acts of the Various States and District of Columbia

62.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

63.    Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 states and the District of Columbia for violations of the respective statutory consumer protection laws, as follows:

a.    the Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*;

14

b.      the Alaska Unfair Trade Practices and Consumer Protection Act, AS §
        45.50.471, *et seq.*;

c.      the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

d.      the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et
        seq.*;

e.      the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et
        seq.* and 17500 *et seq.*;

f.      the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

g.      the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

h.      the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

i.      the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

j.      the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et
        seq.*;

k.      the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et
        seq.*;

l.      the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

m.      the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

n.      the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

o.      the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

p.      The Iowa Private Right of Action for Consumer Frauds Act, Iowa Code
        Ann. § 714H.1, *et seq.*;

q.      the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

r.      the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

s.      the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-
        R.S. 51:1401, *et seq.*;

t.      the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

u.      the Maryland Consumer Protection Act, MD Code, Commercial Law, §
        13-301, *et seq.*;

15

v.      the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

w.      the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

x.      the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

y.      the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*;

z.      the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

aa.     the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

bb.     the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

cc.     the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*;

dd.     the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

ee.     the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

ff.     the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

gg.     the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

hh.     the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

ii.     the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

jj.     the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

kk.     the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

ll.     the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

mm.     the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

nn.     the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

oo.    the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

pp.    the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

qq.    the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

rr.    the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

ss.    the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

tt.    the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq.*;

uu.    the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

vv.    the Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*;

ww.    the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq.*;

xx.    the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq.*; and

yy.    the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq.*

64.    5-ounce cans of Trader Joe's Tuna are consumer goods.

65.    Defendant engaged, and still engages, in unfair or deceptive acts or practices when Defendant misrepresented and continues to misrepresent material facts regarding its 5-ounce cans of Trader Joe's Tuna sold to consumers, including the misrepresentation that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, the misrepresentation that 5-ounce cans of Trader Joe's Tuna comply with all state and federal laws, and the misrepresentation that 5-ounce cans of Trader Joe's Tuna contain a sufficient amount of tuna for 5-ounce cans.

66.    Defendant omitted material facts regarding its 5-ounce cans of Trader Joe's Tuna sold to consumers, including the fact that 5-ounce cans of Trader Joe's Tuna are not legal for sale

in the United States, the fact that 5-ounce cans of Trader Joe's Tuna are significantly under-filled in violation of the Code of Federal Regulations, and the fact that 5-ounce cans of Trader Joe's Tuna are significantly under-filled such that they do not contain a sufficient amount of tuna for 5-ounce cans.

67.     Defendant's misrepresentations and omissions possess the tendency or capacity to mislead and create the likelihood of deception.

68.     Defendant's aforementioned misrepresentations and omissions, were used or employed in the conduct of trade or commerce, namely, the marketing, sale, and distribution of the 5-ounce cans of Trader Joe's Tuna to Plaintiff and Class members.

69.     Defendant's aforementioned misrepresentations and omissions were made in the course of Defendant's business relative to operating Trader Joe's grocery stores.

70.     Defendant's aforementioned misrepresentations and omissions are unfair business practices because they offend public policy and cause substantial injury to consumers.

71.     Defendant intended, and still intends, that Plaintiff and Class members rely on the false statements, misrepresentations, and omissions of material facts in purchasing 5-ounce cans of Trader Joe's Tuna.

72.     Plaintiff and Class members reasonably relied on Defendant's misrepresentations and omissions when they purchased 5-ounce cans of Trader Joe's Tuna.

73.     Acting as reasonable consumers, had Plaintiff and Class members been aware of the true facts regarding 5-ounce cans of Trader Joe's Tuna, they would have declined to purchase the 5-ounce cans of Trader Joe's Tuna, or they would have paid less for them.

74.    As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for 5-ounce cans of Trader Joe's Tuna which were significantly under-filled in violation of the Code of Federal Regulations.

75.    Plaintiff and Class members could not have reasonably avoided the injuries suffered by purchasing the 5-ounce cans of Trader Joe's Tuna that were significantly under-filled because it was reasonable for Plaintiff and Class members to rely on Defendant's misrepresentations.

76.    The injury suffered by consumers as a result of Defendant's unfair and deceptive trade practices is substantial because consumers unknowingly paid for 5-ounce cans of Trader Joe's Tuna that are significantly under-filled and underweight.

77.    As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiff and members of the Class suffered damages by purchasing 5-ounce cans of Trader Joe's Tuna because they would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they would have paid substantially less for them, had they known the truth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.    Awarding Plaintiff and the Class damages equal to the amount of actual damages that they sustained;

F.    Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

## COUNT III
### (on Behalf of the Nationwide Class and the Illinois Subclass)
### Fraud

78.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

79.    The elements of a cause of action for fraud are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement."  *See, e.g., Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 496 (1996) (citing *Bd. of Educ. of City of Chicago v. A, C & S, Inc.*, 131 Ill.2d 428, 452 (1989)).

80.    Defendant made false statements of material fact through its advertising for its 5-ounce cans of Trader Joe's Tuna.  Defendant misrepresented, and continues to misrepresent, that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, comply with all state and federal laws, and contain a sufficient amount of tuna for 5-ounce cans.

81.    The facts that 5-ounce cans of Trader Joe's tuna are not legal for sale in the United States, that 5-ounce cans of Trader Joe's Tuna are significantly under-filled in violation of the Code of Federal Regulations, and that 5-ounce cans of Trader Joe's Tuna are significantly under-

filled such that they do not contain a sufficient amount of tuna for 5-ounce cans are all material facts that Defendant has falsely represented and actively concealed.

82.     Defendant knew that 5-ounce cans of Trader Joe's Tuna are not legal for sale in the United States, are under-filled in violation of the Code of Federal Regulations, and do not contain a sufficient amount of tuna for 5-ounce cans at the time that it made the representations. Defendant's misrepresentations were made with scienter.

83.     Defendant affirmatively misrepresented and actively concealed material facts regarding its 5-ounce cans of Trader Joe's Tuna with the intent that Plaintiff and the members of the Class rely on its misrepresentations and purchase 5-ounce cans of Trader Joe's Tuna.

84.     Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented material facts, and if they had been aware of the truth, Plaintiff and Class members would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they had would have paid less for them.

85.     It was reasonable for Plaintiff and the Class to rely on Defendant's misrepresentations and omissions and believe that 5-ounce cans of Trader Joe's Tuna were not significantly under-filled at the time that they purchased the cans of tuna.

86.     As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for 5-ounce cans of Trader Joe's Tuna which were significantly under-filled in violation of the Code of Federal Regulations.

87.     As a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class suffered damages by purchasing 5-ounce cans of Trader Joe's Tuna because they would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they would have paid substantially less for them, had they known the truth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class and the Illinois Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the Illinois Subclass defined herein;

B.    Designating Plaintiff as representative of the Class and/or the Illinois Subclass and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff, the Class, and/or the Illinois Subclass and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.    Awarding Plaintiff, the Class, and/or the Illinois Subclass damages equal to the amount of actual damages that they sustained;

F.    Awarding Plaintiff, the Class, and/or the Illinois Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

## COUNT IV
### (on Behalf of the Nationwide Class and the Illinois Subclass)
### Fraudulent Misrepresentation

88.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

89.    To succeed on a claim of fraudulent misrepresentation, a plaintiff "must establish the following elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from

such reliance." *See, e.g., Doe v. Dilling*, 228 Ill.2d 324, 342-43 (2008) (internal citations omitted).

90.    Defendant made false statements of material fact through its advertising for its 5-ounce cans of Trader Joe's Tuna.  Defendant misrepresented, and continues to misrepresent that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, comply with all state and federal laws, and contain a sufficient amount of tuna for 5-ounce cans.

91.    The facts that 5-ounce cans of Trader Joe's tuna are not legal for sale in the United States, that 5-ounce cans of Trader Joe's Tuna are significantly under-filled in violation of the Code of Federal Regulations, and that 5-ounce cans of Trader Joe's Tuna are significantly under-filled such that they do not contain a sufficient amount of tuna for 5-ounce cans are all material facts regarding Trader Joe's Tuna that Defendant has falsely represented and/or actively concealed.

92.    Defendant knew that its 5-ounce cans of Trader Joe's Tuna are not illegal for sale in the United States, are under-filled in violation of the Code of Federal Regulations, and do not contain a sufficient amount of tuna for 5-ounce cans at the time that it made the representations. Defendant's misrepresentations were made with scienter.

93.    Defendant affirmatively misrepresented and/or actively concealed material facts regarding its 5-ounce cans of Trader Joe's Tuna with the intent that Plaintiff and the members of the Class rely on its misrepresentations and purchase 5-ounce cans of Trader Joe's Tuna.

94.    Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented material facts, and if they had been aware of the truth, Plaintiff and Class members would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they had would have paid less for them.

95.     It was reasonable for Plaintiff and the Class to believe that 5-ounce cans of Trader Joe's Tuna were not significantly under-filled at the time when they purchased the cans of tuna.

96.     As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for 5-ounce cans of Trader Joe's Tuna which were significantly under-filled in violation of the Code of Federal Regulations.

97.     As a direct and proximate result of Defendant's fraudulent representation, Plaintiff and members of the Class suffered damages by purchasing the 5-ounce cans of Trader Joe's Tuna because they would not have purchased 5-ounce cans of Trader Joe's Tuna, or they would have paid substantially less for them, had they known the truth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class and the Illinois Subclass, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the Illinois Subclass defined herein;

B.     Designating Plaintiff as representative of the Class and/or the Illinois Subclass and her undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff, the Class, and/or the Illinois Subclass and against Defendant;

D.     Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.     Awarding Plaintiff, the Class, and/or the Illinois Subclass damages equal to the amount of actual damages that they sustained;

F.     Awarding Plaintiff, the Class, and/or the Illinois Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.     Granting all such further and other relief as the Court deems just and appropriate.

## COUNT V
### (on Behalf of the Nationwide Class and the Illinois Subclass)
### Breach of Express Warranty

98. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

99. At all relevant times there was in full force and effect the Illinois Commercial Code provision regulating express warranties, codified as 810 ILCS 5/2-313.

100. To succeed on a claim for breach of an express warranty, a plaintiff must show: (1) "the terms of the warranty," (2) "the failure of some warranted part," (3) "a demand upon the defendant to perform under the terms of the warranty," (4) "a failure of the defendant to do so," (5) "a compliance with the terms of the warranty by the plaintiff," and (6) "damages measured by the terms of the warranty." *See, e.g., Hasek v. DaimlerChrysler Corp.*, 319 Ill.App.3d 780, 793 (1st Dist. 2001).

101. However, a plaintiff is not required to provide the seller with notice of a defect if the seller has actual knowledge of the product's particular defect. *See, e.g., Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 492 (1996).

102. "It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty[.]" 810 ILCS 5/2-313(2).

103. By packaging, labeling, and selling Trader Joe's Tuna in 5-ounce cans, Defendant, as the manufacturer, marketer, distributor, and seller of Trader Joe's Tuna, expressly warranted that 5-ounce cans of Trader Joe's Tuna contained a sufficient amount of tuna for 5-ounce cans.

104. Defendant's representations, affirmations of fact, and promises related to 5-ounce cans of Trader Joe's Tuna constitute an express warranty because the representations,

affirmations, and promises became a part of the basis of the bargain with Plaintiff and members of the Class that 5-ounce cans of Trader Joe's Tuna contain a sufficient amount of tuna for 5-ounce cans.

105.    Defendant breached its express warranty because 5-ounce cans of Trader Joe's Tuna are significantly under-filled below the federally-mandated standard of fill and, therefore, do not contain a sufficient amount of tuna for 5-ounce cans.

106.    Plaintiff and members of the Class complied with the terms of the warranty because they paid money in exchange for the purchase of 5-ounce cans of Trader Joe's Tuna. Neither Plaintiff nor members of the Class misused the 5-ounce cans of Trader Joe's Tuna or contributed to their deficiency.

107.    Plaintiff and members of the Class were not required to provide Defendant with notice that 5-ounce cans of Trader Joe's Tuna were defective because Defendant had actual knowledge of their particular defects.

108.    Defendant had actual knowledge that 5-ounce cans of Trader Joe's Tuna do not contain a sufficient amount of tuna for 5-ounce cans because Defendant was responsible for manufacturing the canned tuna, packaging the canned tuna, and implementing a standard mechanized process for distributing a uniform amount of pressed cake tuna in each 5-ounce can of Trader Joe's Tuna.

109.    Plaintiff and members of the Class relied on Defendant's warranty that 5-ounce cans of Trader Joe's Tuna contained a sufficient amount of tuna for 5-ounce cans when they purchased 5-ounce cans of Trader Joe's tuna.  Because Defendant packaged the Trader Joe's Tuna products in 5-ounce cans and labeled them as "5-ounce" cans, it was reasonable for Plaintiff and members of the Class to believe that 5-ounce cans Trader Joe's Tuna contained a

sufficient amount of tuna for 5-ounce cans and to rely on that belief when they purchased the products.

110.    Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented warranties, and if they had been aware of the truth, Plaintiff and Class members would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they had would have paid less for them.

111.    Plaintiff and the members of the Class did not receive 5-ounce cans of Trader Joe's Tuna as warranted.  The 5-ounce cans of Trader Joe's Tuna they purchased were worth substantially less than the tuna cans they were promised and expected.

112.    As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class suffered damages by purchasing 5-ounce cans of Trader Joe's Tuna because they would not have purchased 5-ounce cans of Trader Joe's Tuna, or would have paid substantially less for them, had they known the truth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class and the Illinois Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the Illinois Subclass defined herein;

B.    Designating Plaintiff as representative of the Class and/or the Illinois Subclass and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff, the Class, and/or the Illinois Subclass and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.      Awarding Plaintiff, the Class, and/or the Illinois Subclass damages equal to the amount of actual damages that they sustained;

F.      Awarding Plaintiff, the Class, and/or the Illinois Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.      Granting all such further and other relief as the Court deems just and appropriate.

## COUNT VI
### (on Behalf of the Nationwide Class and the Illinois Subclass)
### Breach of Implied Warranty of Merchantability

113.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

114.    At all relevant times there was in full force an effect a provision of the Illinois Commercial Code governing implied warranties, codified as 810 ILCS 5/2-314 and 5/2-315.

115.    Defendant, as the manufacturer, marketer, distributor, and/or seller of Trader Joe's Tuna is a merchant.

116.    The implied warranty of merchantability requires that goods "[a]re adequately contained, packaged, and labeled as the agreement may require[.]" 810 ILCS 5/2-314(2)(e). The implied warranty of merchantability also requires that goods "[c]onform to the promises or affirmations of fact made on the container or label if any." 810 ILCS 5/2-314(2)(f).

117.    5-ounce cans of Trader Joe's Tuna are not adequately contained, packaged, and labeled because they are packaged and labeled as "5-ounce" cans of tuna, but they are significantly under-filled below the federally mandated standard of fill and, therefore, do not contain a sufficient amount of tuna for 5-ounce cans.

118.    5-ounce cans of Trader Joe's Tuna do not conform to the promises and affirmations of facts made on their container and label because they do not contain a sufficient amount of tuna for 5-ounce cans as their packaging and labeling warrants.

119.    Defendant impliedly warranted that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, comply with all state and federal laws, and contain a sufficient amount of tune for 5-ounce cans.

120.    Defendant had reason to know of the particular purpose of 5-ounce cans of Trader Joe's Tuna because Defendant was solely responsible for the manufacturing, packaging, labeling, distribution, marketing, and sale of Trader Joe's Tuna.

121.    Defendant breached the warranty of merchantability implied in the contract for sale of 5-ounce cans of Trader Joe's Tuna because 5-ounce cans of Trader Joe's Tuna are not legal for sale in the United States, are under-filled in violation of the Code of Federal Regulations, and do not contain a sufficient amount of tuna for 5-ounce cans.

122.    Defendant knew that 5-ounce cans of Trader Joe's Tuna would be purchased and used by Plaintiff and members of the Class without additional testing or measuring of their quantity and sufficiency.

123.    Plaintiff and members of the Class relied on Defendant's ability to truthfully represent the quantity and capacity of 5-ounce cans of Trader Joe's Tuna when they purchased the tuna.

124.    Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented warranties, and if they had been aware of the truth, Plaintiff and Class members would not have purchased the 5-ounce cans of Trader Joe's Tuna, or they had would have paid less for them.

125.    Plaintiff and the members of the Class did not receive 5-ounce cans of Trader Joe's Tuna as warranted.  The 5-ounce cans of Trader Joe's Tuna they purchased were worth substantially less than the tuna cans they were promised and expected.

126.    The 5-ounce cans of Trader Joe's tuna were not altered by Plaintiff or any members of the Class.

127.    The 5-ounce cans of Trader Joe's Tuna were defective and unfit for their intended purpose when they left the exclusive control of Defendant.

128.    As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class suffered damages by purchasing 5-ounce cans of Trader Joe's Tuna because they would not have purchased 5-ounce cans of Trader Joe's Tuna, or would have paid substantially less for them, had they known the truth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class and the Illinois Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the Illinois Subclass defined herein;

B.    Designating Plaintiff as representative of the Class and/or the Illinois Subclass and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff, the Class, and/or the Illinois Subclass and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.    Awarding Plaintiff, the Class, and/or the Illinois Subclass damages equal to the amount of actual damages that they sustained;

F.    Awarding Plaintiff, the Class, and/or the Illinois Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

<u>COUNT VII</u>
**(on Behalf of the Nationwide Class and the Illinois Subclass)**
**Unjust Enrichment**

129.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-40 with the same force and effect as though fully set forth herein.

130.    When a specific contract does not govern the relationship of the parties, and, therefore, no adequate remedy at law is applicable, an equitable remedy under a theory of unjust enrichment is available.  *See, e.g., Guinn v. Hoskins Chevrolet*, 361 Ill.App.3d 575, 604 (1st Dist. 2005) (internal citations omitted).

131.    Unjust enrichment "is a condition that may be brought about by unlawful or improper conduct as defined by law[.]"  *See, e.g., Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 25 (quoting *Martis v. Grinnell Mutual Reinsurance Co.,* 388 Ill.App.3d 1017, 1024 (3rd Dist. 2009); *Alliance Acceptance Co. v. Yale Insurance Agency, Inc.,* 271 Ill.App.3d 483, 492 (1st Dist. 1995)).

132.    To prevail on a claim of unjust enrichment, a plaintiff must prove: (1) "that the defendant has unjustly retained a benefit to the plaintiff's detriment," and (2) "that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *See, e.g., Cleary v. Philip Morris Inc.,* 656 F.3d 511, 518 (7th Cir.2011) (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145, 160 (1989)).

133.    Plaintiff and members of the Class paid a retail price for 5-ounce cans of Trader Joe's Tuna believing that the tuna cans they purchased contained a sufficient amount of tuna for

5-ounce cans.  However, the 5-ounce cans of Trader Joe's Tuna purchased by Plaintiff and members of the Class were substantially under-filled below the federally mandated minimum standard of fill.

134.    Defendant has unjustly received and retained a benefit at the expense of Plaintiff and the Class because Defendant unlawfully acquired its profits for 5-ounce cans of Trader Joe's Tuna appreciating and knowing that the cans purchased by Plaintiff and members of the Class did not contain a sufficient amount of tuna for 5-ounce cans.

135.    Defendant has acquired and retained money belonging to Plaintiff and the Class as a result of its wrongful conduct: Defendant's under-filling its 5-ounce cans of Trader Joe's Tuna in violation of the federally mandated standard of fill.  Each individual sale of 5-ounce cans of Trader Joe's Tuna nets Defendant profit at the expense of the consumer.

136.    Further, Defendant intentionally misrepresented, and continues to misrepresent, that 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States and comply with all state and federal laws.

137.    Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented material facts, and would not have purchased the 5-ounce cans of Trader Joe's Tuna, or would have paid less for them, had they been aware of the truth.

138.    Plaintiff and the members of the Class have suffered damages as a direct result of Defendant's conduct.

139.    Defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience because Defendant misled Plaintiff and the Class into falsely believing its 5-ounce cans of Trader Joe's Tuna are legal for sale in the United States, comply

with all state and federal laws, and contain a sufficient amount of tuna for 5-ounce cans in order to unjustly receive and retain a benefit.

140.    Under the principles of equity, Defendant should not be allowed to keep the money belonging to Plaintiff and the members of the Class because Defendant has unjustly received it as a result of Defendant's unlawful actions described herein.

141.    Plaintiff, individually and on behalf of the Class, seeks restitution for Defendant's unlawful conduct, as well as interest and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KATHY ALIANO, individually, and on behalf of the Class and the Illinois Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the Illinois Subclass defined herein;

B.    Designating Plaintiff as representative of the Class and/or the Illinois Subclass and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff, the Class, and/or the Illinois Subclass and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning 5-ounce cans of Trader Joe's Tuna that will be sold to customers;

E.    Awarding Plaintiff, the Class, and/or the Illinois Subclass damages equal to the amount of actual damages that they sustained;

F.    Awarding Plaintiff, the Class, and/or the Illinois Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.


        Plaintiff KATHY ALIANO, individually, and on behalf of all others similarly situated,


        By:   s/Thomas A. Zimmerman, Jr.    

               Thomas A. Zimmerman, Jr.
               *tom@attorneyzim.com*
               Amelia S. Newton
               *amy@attorneyzim.com*
               Jordan M. Rudnick
               *jordan@attorneyzim.com*
               Matthew C. De Re
               *matt@attorneyzim.com*
               Nickolas J. Hagman
               *nick@attorneyzim.com*
               Maebetty Kirby
               *maebetty@attorneyzim.com*
               ZIMMERMAN LAW OFFICES, P.C.
               77 W. Washington Street, Suite 1220
               Chicago, Illinois 60602
               (312) 440-0020 telephone
               (312) 440-4180 facsimile
               www.attorneyzim.com


           Counsel for the Plaintiff and Class