UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY ALIANO, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 16-cv-2623 |
| v. ) ) | Judge John W. Darrah |
| ) ) ) ) TRADER JOE'S COMPANY, ) ) Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AGREED MOTION TO TRANSFER VENUE**

Plaintiff Kathy Aliano ("Aliano") and Defendant Trader Joe's Company ("Trader Joe's") (collectively, the "Parties") submit this Memorandum of Points and Authorities in Support of their Agreed Motion to Transfer Venue to the United States District Court for the Central District of California.

**BACKGROUND**

Aliano filed her putative class action complaint in this Court on February 26, 2016. (Doc. No. 1.) She asserts claims against Trader Joe's relating to its sale of 5-ounce cans of tuna. This action is one of four known to the Parties involving similar claims and factual allegations. The four actions are:

   1. This Action: *Aliano v. Trader Joe's Co.*, Case No. 1:16-cv-2623 (N.D. Ill.) (filed February 26, 2016);

1

  2.  The New York Action: *Magier v. Trader Joe's Co.*, Case No. 1:16-cv-00043-PGG (S.D.N.Y.) (filed January 5, 2016);[1]

  3.  The First-Filed California Action: *Joseph v. Trader Joe's Co.*, Case No. 2:16-cv-01371-ODW-AJW (C.D. Cal.) (filed February 26, 2016); and

  4.  The Second-Filed California Action: *Shaw v. Trader Joe's Co.*, Case No. 2:16-cv-02686-ODW-AJW (C.D. Cal.) (filed April 19, 2016).

On March 11, 2016, Aliano filed a "Motion for Coordination or Consolidation and Transfer Pursuant to 28 U.S.C. § 1407" (the "Motion for Coordination") with the United States Judicial Panel on Multidistrict Litigation (the "JPML"), seeking coordination of the class actions in the United States District Court for the Central District of California. Trader Joe's and plaintiffs in the First-Filed California Action and Second-Filed California Action filed responses in support of the Motion for Coordination. Plaintiffs in the New York Action responded in opposition to coordination.

On May 26, 2016, the JPML held a hearing on the Motion for Coordination and inquired of counsel whether a venue transfer to the Central District of California would be a more efficient method to litigate and hear the four putative class actions. Subsequent to the hearing, Trader Joe's and plaintiffs in the New York Action agreed to stipulate to a transfer of venue to the Central District of California, under 28 U.S.C. § 1404(a). Similarly, Trader Joe's and Aliano agreed to seek transfer of *this* action to the Central District of California.

In light of these agreements, Aliano filed a Notice of Withdrawal of the Motion for Coordination, and on June 2, 2016, the JPML entered an Order deeming the Motion for Coordination withdrawn.

---

[1] On June 21, 2016, the Southern District of New York granted a joint motion filed by Trader Joe's and plaintiffs in the New York Action to transfer venue to the Central District of California. The case has since been transferred to the Central District of California and assigned Case No. 2:16-cv-4531.

2

On June 21, 2016, the Southern District of New York granted a joint motion filed by Trader Joe's and plaintiffs in the New York Action to transfer that case to the Central District of California, pursuant to 28 U.S.C. § 1404(a).  The case has since been received by the Central District of California and assigned Case No. 2:16-cv-4531.

Now, consistent with the agreements reached on May 26, 2016, Aliano and Trader Joe's bring this agreed motion to transfer venue to the Central District of California.

## DISCUSSION

The Parties move to transfer this action to the Central District of California under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

Here, the Central District of California is a district "where [this action] might have been brought" *and* one "to which all parties have consented." *Id.*  Trader Joe's is headquartered in Monrovia, California, which is in the Central District of California, so this action could have been brought there.  *See* 28 U.S.C. § 1391(b)(1).  Further, as evidenced by this agreed motion, the Parties have consented to venue in the Central District of California.

In addition, transfer of this action to the Central District of California would be convenient for the Parties and witnesses and would advance the interests of justice.  For the following reasons, the Parties anticipate that the majority of relevant witnesses and documents are located in or close to the Central District of California.  First, Trader Joe's is headquartered in the Central District of California.  Second, tests integral to Aliano's claims allegedly were

conducted by the U.S. National Oceanic and Atmospheric Administration in Long Beach, again in the Central District of California. Third, far more Trader Joe's stores are located in California than in any other state.

Further, transfer of this action to the Central District of California will allow for its consolidation with the three actions now pending there. As the four putative class actions are all in their nascent stages, with no responsive pleadings yet filed, transfer of venue to the Central District of California will enable one court to hear all four cases starting at the same stage in litigation, thus preventing duplicative efforts and inconsistent rulings.

Accordingly, the Parties jointly request that the Court grant their Agreed Motion to Transfer Venue to the Central District of California.

DATED: June 24, 2016          ZIMMERMAN LAW OFFICES, P.C.

By:   /s/ Thomas A. Zimmerman, Jr.
THOMAS A. ZIMMERMAN, JR.
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
Attorneys for Plaintiff KATHY ALIANO

DATED:  June 24, 2016         JENNER & BLOCK LLP

By:   /s/ Robert L. Byman
ROBERT L. BYMAN
Bar ID Number: 0361909
rbyman@jenner.com
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350 telephone
(312) 527-0484 facsimile
Attorney for Defendant TRADER JOE'S COMPANY